IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 839 EAST 19TH STREET, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1238-M |
| | § | |
| CITIBANK, N.A., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(g), and its alternative Motion for More Definite Statement under Federal Rule of Civil Procedure 12(e) [Docket Entry #4].

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff purchased real property and financed the purchase by obtaining a loan from Citibank, secured by a Deed of Trust. Plaintiff asserts Citibank did not comply with the terms of the Deed of Trust. On May 10, 2011, Plaintiff filed suit in state court, alleging state law claims of breach of contract, breach of the duty of good faith and fair dealing, and fraud. On June 9, 2011, Citibank removed the suit to this Court.

Citibank now moves to dismiss Plaintiff's suit, arguing Plaintiff lacks standing and has failed to state a claim for relief.

II. LEGAL STANDARD

Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under

Rule 12(b)(6).[1]  However, in considering a motion to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto."[2]  If the Court is presented with matters outside the pleadings, Rule 12(d) gives courts discretion to either disregard the materials or accept and consider them under Rule 56, giving all parties "a reasonable opportunity to present all the material that is pertinent to the motion."[3]  A court exercises this discretion by determining whether the proffered material, and the resulting conversion from Rule 12(b)(6) to Rule 56, is likely to facilitate disposing of the action.[4]

### III. ANALYSIS

Defendant has proven that as of August 28, 2009, Plaintiff forfeited its charter as a taxable entity under section 171.302 of the Texas Tax Code.[5]  Plaintiff does not dispute that as a result, Texas law denies it the right to sue or defend in this Court.[6]  Instead, Plaintiff merely asserts, without providing any evidence, that it "has taken steps to regain full compliance with respect to its status as a Texas Business, and as such, it will have standing.  By reviving its certificate and therefore its standing, Plaintiff is able to properly seek relief from this Court."  The Court has no evidence to show that Plaintiff has taken steps to revive its charter and business privileges,[7] and Plaintiff has thus failed to show that it has standing to sue.[8]  Since the analysis of

---

[1] *See Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008).
[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[3] Fed. R. Civ. P. 12(d); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[4] *Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 193 n. 3 (5th Cir. 1988).
[5] Def.'s Consolidated Mot. Exh. A.
[6] Tex. Tax Code Ann. § 171.252 ("If the corporate privileges of a corporation are forfeited under this subchapter . . . the corporation shall be denied the right to sue or defend in a court of this state . . ."); *id.* § 171.2515(b) ("The provisions of this subchapter. . . that apply to the forfeiture of corporate privileges apply to the forfeiture of a taxable entity's right to transact business in this state."); *Texas Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 403–04 (5th Cir. 2008); *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 n.4 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) (applying section 171.252 to litigation in a federal court sitting in diversity) (citing *Farris v. Sambo Rests., Inc.*, 498 F. Supp. 143, 148 (N.D. Tex. 1980) (Sanders, J.)).
[7] *See G. Richard Goins Const. Co., Inc. v. S.B. McLaughlin Assocs.*, 930 S.W.2d 124, 128 (Tex. App.—Tyler, 1996, writ denied) ("Once a corporation pays its delinquent taxes, the corporation's disability is removed, and the corporation may sue and defend in Texas state courts.").

Plaintiff's standing facilitates the conclusion of this action, the Court exercises its discretion and converts Defendant's Motion regarding standing into a summary judgment motion.

## IV. CONCLUSION

The Court converts Defendant's Motion pertaining to standing into a summary judgment motion. On or before **August 23, 2011**, Plaintiff shall provide evidence of its revived charter and business privileges, or the Court will dismiss the action for lack of standing.

**SO ORDERED.**

August 9, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**

---

[8] *See Jones v. Central States, Southeast & Southwest Areas Pension Fund*, 552 S.W.2d 578, 579 (Tex. Civ. App.—Dallas 1977, no writ) ("Since the corporation has revived its right to do business by paying the delinquent franchise taxes, the corporation now has the right to sue.").